UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETRINA DAVIS-BURNETT,

          Plaintiff,

v.                                   Case No. 23-cv-12641
                                   Honorable Linda V. Parker

ASCENSION PROVIDENCE
HOSPITAL, a domestic nonprofit
corporation d/b/a Ascension
Providence Hospital Southfield,

          Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 18)

This is an employment discrimination case, currently before the Court on Plaintiff's motion for leave to amend the complaint to add claims of race discrimination and retaliation under Title VII and claims of age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"). (ECF No. 18.) Defendant opposes the motion as Plaintiff has not shown good cause for the amendment and Defendant will be unduly prejudiced because of Plaintiff's delay in requesting a Notice of Right to Sue (the "Notice") from the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 20.)

The motion is fully briefed.  (ECF Nos. 18, 20, 22.)  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to file amended complaint and **EXTENDS** the dispositive motion deadline to May 9, 2025.

## I.     STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may file an amended complaint as of right within 21 days of serving its initial complaint.  Fed. R. Civ. P. 15(a).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 provides that "[t]he court should freely give leave when justice so requires."  *Id.*

When deciding whether to grant a motion to amend under Rule 15(a), the Sixth Circuit has identified factors courts should consider, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment[.]"  *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001); *see also Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  The Sixth Circuit has also advised that "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."  *Wade*, 259 F.3d at 458–59.

However, when leave to amend is sought after the expiration of scheduling order deadlines, a party must show good cause for leave to amend under Federal Rule of Civil Procedure 16(b). *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet" the scheduling order's requirements, but courts also consider "possible prejudice to the party opposing the modification." *Id.* (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

## II.   ANALYSIS

Preliminarily, the Court notes that there is no allegation of bad faith on Plaintiff's part and no claim that the amendment is futile. Furthermore, this is the first proposed amended complaint in this case, and it is undisputed that Defendant has had notice of the additional claims since the beginning of this litigation. (ECF No. 6.) These factors weigh in favor of granting the motion for leave to amend. The factors in dispute are: (1) good cause to amend; (2) undo delay by Plaintiff; and (3) undue prejudice to Defendant.

### a. "Good Cause" under Rule 16(b) and Undue Delay

Plaintiff filed her motion for leave to amend six days before the close of discovery, the deadline for which was repeatedly extended and has now passed. (ECF Nos. 11, 12, 15, 17.) However, as an initial matter, the Court is skeptical that Rule 16(b) applies to the amendment given the parties contemplated it in their joint

3

discovery plan and there was no set deadline for amendment set in this case.

Specifically, the parties agreed that:

> Plaintiff will request a Notice of Right to Sue as soon as possible. The parties agree that Plaintiff may amend her Complaint within 14 days of her receiving a Right to Sue, to add claims of race discrimination and retaliation under the Title VII and/or claims of age discrimination and retaliation under the Age Discrimination in Employment Act.

(ECF No. 6, PageID.47.)

Courts have repeatedly declined to apply the Rule 16(b) standard where the parties agreed to an amendment in advance. *See Jackson v. Fulton Cnty*., No. 12-CV-0518-ODE-ECS, 2013 WL 12384283 at *5 (N.D. Ga. Apr. 1, 2013) (collecting cases). Furthermore, it is undisputed that Plaintiff filed her motion for leave to amend within 14 days of receiving the Notice and she was unable to raise the Title VII and ADEA claims until she received the Notice.

Regardless, Defendant argues that Plaintiff had an obligation to promptly request a Notice and her failure to comply with this obligation led to undue delay and means that she cannot show good cause for amendment. Defendant has provided no evidence that Plaintiff failed to request a Notice, merely that the EEOC did not issue a Notice until February 19, 2025. Defendant states that the EEOC confirmed that Plaintiff never requested a Notice but provides no evidence or detail to support this assertion. Furthermore, Defendant has cited no authority

4

for the proposition that the EEOC must issue a Notice within a specific time upon the request of a party.

In contrast, Plaintiff states she "contacted" the EEOC regarding the Notice after she filed her Charge of Discrimination on December 20, 2023.[1]  (ECF No. 22–4.)  Plaintiff states that she has been in contact with the EEOC throughout this litigation and was repeatedly told that the Notice was forthcoming.  (ECF No. 22, PageID.123.)  She sought evidence to support these assertions through a FOIA request to the EEOC but was unable to obtain a response in time to include the information in her reply brief.  (ECF No. 22, PageID.122.)

The Court is concerned by the fact that Plaintiff is unable to unequivocally state that she requested a Notice or identify the specific date or contents of her communications with the EEOC.  Plaintiff's FOIA request does not fully assuage this concern, as the information would presumably be personally known to Plaintiff or her counsel.  It is notable that neither Plaintiff nor Defendant raised an issue as to the Notice at any one of the numerous extensions of the discovery period or status conferences held in this case.  (ECF Nos. 11, 12, 15, 17.)

Although the EEOC "shall" grant a request for a Notice of Right to Sue made 180 days after the charge is filed, neither party has cited authority for the

---

[1] The Court notes that Plaintiff lists the date of her Charge of Discrimination as December 20, 2024, in her motion. (ECF No. 22, PageID.126.) The Court assumes that the year listed was a typographical error in the motion.

proposition that the EEOC was required to produce a Notice in response to a request from Plaintiff *by a specific date* only that it must do so "promptly." 29 C.F.R. § 1601.28(a)(1).  The 180 day waiting period in this case expired in June of 2024, so the Court finds it unnecessary to delve into a discussion of Notices provided before the expiration of the waiting period.

The Notice at issue was not filed until over six months after the expiration of the waiting period, which lends credence to the argument that it was never requested.  However, the Court is unaware of any cases which have interpreted the word "prompt" in the applicable regulation.  Consequently, it is unclear if Plaintiff had any control over when the Notice was issued, even if she did request it.

It is undisputed that Plaintiff acted quickly to file her motion for leave to amend once she received the Notice, which was within the timeline envisioned by the parties.  (ECF No. 6, PageID.47.)   Ultimately, the Court finds that given the factual dispute over the request for the Notice, Plaintiff has shown good cause for the amendment as she filed her motion promptly upon receiving the Notice.  This is particularly true as she could not have amended her complaint before she received it.

Unlike in the cases cited by Defendant, here, Plaintiff has explained her delay in bringing the claims she sought to add.  The Court also considers the fact

that the underlying factual allegations are identical to existing claims, and

Defendant was on notice of the potential amendment.

### b. Prejudice to Defendants

Although courts regularly deny motions to amend filed after discovery is

closed due to prejudice to the Defendant, the Court finds that this concern is

minimal here as the amendment would merely add claims which are analogous to

the existing ELCRA claims.  However, Defendant argues that additional or distinct

discovery would be required for the Title VII and ADEA claims as there are

"differences in the applicable limitations period, standards, and damages available

and these differences impact certain lines of questioning and certain written

discovery requests[.]"  (ECF No. 20, PageID.112.)  The Court is unpersuaded by

this argument, particularly as Defendant was on notice that Plaintiff would seek

leave to amend once she received the Notice and the Notice was discussed during

certain depositions.

The Court first notes that the factual basis for the ELCRA claims is identical

to the factual basis for the Title VII and ADEA claims.  (*Compare* ECF No. 1 and

ECF No. 18-1.)  The substantive analysis also overlaps.  Race discrimination and

retaliation claims brought under Title VII are evaluated using the same analysis as

claims under ELCRA.  *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 771 (6th

Cir. 2018) (quoting *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999));

*White v. Dep't of Transportation*, 964 N.W.2d 88, 97 (Mich. Ct. App. 2020).

Likewise, age discrimination and retaliation claims brought under ADEA are

analyzed under the same framework as claims brought under ELCRA.  *Tilley v.*

*Kalamazoo Cnty. Rd. Comm'n*, 777 F.3d 303 (6th Cir. 2015); *see also Geiger v.*

*Tower Auto.*, 579 F.3d 614, 626 (6th Cir. 2009); *Liebau v. Dykema Gossett, PLLC*,

No. 23-1301, 2024 WL 1739750 at *4 (6th Cir. Apr. 23, 2024).

The only substantive difference identified between the existing ECLRA

claims and the claims which Plaintiff seeks to add are punitive damages claimed

under Title VII and liquidated damages claimed under ADEA.  The Court notes

that Plaintiff alleged that the racial discrimination was intentional and willful, and

that Defendant engaged in the discrimination with malice or with reckless

indifference to the rights and sensibilities of Plaintiff in her original complaint,

which largely overlaps with the requirements for punitive damages.  (ECF No. 1,

PageID.6.)  Given the fact the new issues are so limited, Defendant did not identify

any specific additional discovery that would be required, and Defendant was on

notice of the Plaintiff's intention to amend her complaint, the Court is not

persuaded that Defendant will be unduly prejudiced by granting leave to amend.

Finally, given the fact that discovery has only recently closed, if Defendant

identifies specific additional discovery it requires, the Court will entertain a request

to reopen discovery on a limited basis to obtain that information.

The Court also acknowledges the rapidly approaching dispositive motion deadline.  In the interest of justice, the Court **EXTENDS** the dispositive motion deadline to May 9, 2025.  Given good cause shown by Plaintiff and the lack of undue prejudice to Defendant, the Court **GRANTS** Plaintiff's motion for leave to amend complaint.  (ECF No. 18.)

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file amended complaint is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** file her Amended Complaint within one (1) day of this Opinion and Order and Defendant **SHALL** have seven (7) days after the filing of the Amended Complaint to file an Answer;

**IT IS FURTHER ORDERED** that the dispositive motion deadline is **EXTENDED** to May 9, 2025.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 21, 2025

9